## IN THE UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| **UNITED STATES OF AMERICA,** | |
| **Plaintiff,** | |
| **v.** | **Case No. 25-CR-028-JFH** |
| **MICHAEL LYNN GREEN** | |
| **Defendant.** | |

## OPINION AND ORDER

Before the Court is an Opposed Motion to Dismiss Indictment on Constitutional Grounds and Brief in Support ("Motion") filed by Defendant Michael Lynn Green ("Defendant"). Dkt. No. 31. The United States of America ("Government") opposes the Motion. Dkt. No. 36. For the following reasons, Defendant's Motion [Dkt. No. 31] is DENIED.

## BACKGROUND

On February 12, 2025, Defendant was charged in a single-count indictment. Dkt. No. 2. Defendant is charged with felon in possession of firearm and ammunition, in violation of 18 U.S.C. §§ 922(g)(1) and 924(a)(8). *Id*. Defendant is set for trial on the Court's July 28, 2025 docket. Dkt. No. 29.

## AUTHORITY AND ANALYSIS

Defendant moves for dismissal of the indictment based on *New York State Rifle & Pistol Ass'n, Inc. v. Bruen*, 142 S.Ct. 2111 (2022), arguing that the federal felon-in-possession statute codified at 18 U.S.C. § 922(g) is unconstitutional facially and as applied. Dkt. No. 31 at 1. Specifically, Defendant argues that the Nation's historical tradition of firearms regulation does not support permanently disarming persons for crimes like those allegedly committed by Defendant. *Id*. Defendant's Motion acknowledges the effect of the Tenth Circuit's ruling in *Vincent v. Bondi*,

127 F.4th 1263 (10th Cir. 2025), and notes that he files his Motion for purposes of preserving the record. *Id*. at 3.

In 2022, the Supreme Court examined the Second Amendment's constitutional protection of the right to keep and bear arms. *New York State Rifle & Pistol Ass'n, Inc. v. Bruen*, 142 S.Ct. 2111 (2022). *Bruen* did not concern a criminal statute. Rather, it involved a challenge to federal firearms licensing. *Id.* The *Bruen* decision included a nuanced discussion of Second Amendment caselaw and announced a new rule for evaluating firearms regulation: "[T]he government must affirmatively prove that its firearms regulation is part of the historical tradition that delimits the outer bounds of the right to keep and bear arms." *Id.* at 2127.

In September of 2023, the Tenth Circuit issued an opinion addressing *Bruen*. *Vincent v. Garland*, 80 F.4th 1197 (10th Cir. 2023). In *Vincent*, the Tenth Circuit considered whether *Bruen* overruled its precedential decision in *United States v. McCane*, 573 F.3d 1037 (10th Cir. 2009), wherein the Tenth Circuit upheld the constitutionality of 18 U.S.C. § 922(g)(1), prohibiting the possession of firearms by *all* previously convicted felons. *Id*. at 1202. The Tenth Circuit held that because *Bruen* did not "indisputably and pellucidly abrogate[]" its ruling in *McCane*, it was obligated to apply its prior precedent. *Vincent*, 80 F.4th at 1202.

In June of 2024, the United States Supreme Court issued its opinion in *United States v. Rahimi*, which considered the constitutionality of 18 U.S.C. § 922(g)(8). *United States v. Rahimi*, 602 U.S. 680 (2024). The *Rahimi* Court articulated the Second Amendment constitutional test to require lower courts to consider "whether the challenged regulation is consistent with the *principles* that underpin our regulatory tradition." *Id.* at 692 (emphasis added). Although not purporting to "undertake an exhaustive historical analysis . . . of the full scope of the Second Amendment," the Supreme Court concluded, "[a]n individual found by a court to pose a credible

threat to the physical safety of another may be temporarily disarmed consistent with the Second Amendment." *Id.* at 702.

On July 2, 2024, on petition for writ of certiorari, the United States Supreme Court vacated and remanded the Tenth Circuit's decision in *Vincent* "for further consideration in light of *United States v. Rahimi*." *Vincent v. Garland*, 144 S. Ct. 2708 (Mem) (July 2, 2024). On February 11, 2025, the Tenth Circuit issued its decision following remand concluding that *Rahimi* did not overrule its prior precedent in *McCane*. *Vincent v. Bondi*, 127 F.4th 1263, (10th Cir. 2025). Following this decision, *McCane*, which upholds the constitutionality of 18 U.S.C. § 922(g)(1), prohibiting the possession of firearms by all previously convicted felons, remains binding on this Court. For this reason, Defendant's argument is foreclosed by *McCane* and *Vincent*.

## CONCLUSION

IT IS THEREFORE ORDERED that Defendant's Opposed Motion to Dismiss Indictment on Constitutional Grounds and Brief in Support [Dkt. No. 31] is DENIED.

DATED this 24th day of June 2025.

JOHN F. HEIL, III
UNITED STATES DISTRICT JUDGE